MEAKINGS, et al. vs OCHILTREE, et al.

*As to the action of debt, on a bond conditioned for*
*the performance of covenants.*
*As to the construction of the statute of 1824, regu-*
*lating proceedings on penal bonds,*

1. The action of debt is a proper remedy, on a bond condi-
tioned for the performance of covenants.
2. The construction of the statute of 1824, "regulating pro-
ceedings on penal bonds," must be controlled by the decis-
ions which have been made under the 8th section, of the
8th and 9th Wm. 3.

In error to the Circuit Court of Sumter county,
Benjamin H. Meakings and James B. Burnet,
co-partners as merchants trading together, under
the name and style of B. H. Meakings and Compa-
ny, plaintiffs in error, at the Spring term of the
Circuit Court of Sumter county, in the year one
thousand eight hundred and thirty-six, declared
against William B. Ochiltree and Willis J. Roane,
defendants in error, in an action of debt, viz: of a
plea that they render to plaintiffs, the sum of four
thousand dollars, which they owed to, and unjust-
ly detained from them. For that, whereas, the
said defendants, theretofore, to wit: on the six-
teenth day of October, in the year of our Lord, one
thousand eight hundred and thirty-four, at,—to wit,
in the county aforesaid, by their certain writing. ob-
ligatory, sealed with their seals, and shewn to the
Court there, the date whereof, was a certain day

and year therein mentioned, to wit, the day and year aforesaid, acknowledged themselves to be held, and firmly bound, unto the said plaintiffs, in the sum of four thousand dollars, above demanded to be paid to the said plaintiffs; which said writing obligatory, was subject to a certain condition thereunder written, whereby, after reciting, to the effect following, viz: "That whereas, the said William B. Ochiltree, stood indebted to the said B. H. Meakings and Company, to the amount of three thousand, eight hundred and twenty-four dollars, and four cents, for which said debt, the said B. H. Meakings and Company, held two promissory notes, drawn by the said William B. Ochiltree, payable to the order of the said B. H. Meakings and Company, negotiable and payable at the Branch of the Bank of the United States, at Mobile, to wit, one note for the amount of two thousand one hundred and eighty-six dollars and ninety-six cents, dated the twenty-second day of January, in the year of our Lord, eighteen hundred and thirty-four, and payable twelve months after the date thereof: the other note, for the amount of one thousand six hundred and thirty-seven dollars and eight cents, dated, the eighteenth day of March, in the year of our Lord, eighteen hundred and thirty-four, and payable twelve months after the date thereof. And that whereas, the said B. H. Meakings and Company, had agreed to give further time, on the said notes, and that no suit should be commenced on said notes, against the said William B. Ochiltree, provided the condition of the obligation should be complied with, according to the true intent and mean-

ing thereof." It was conditioned, that if the said
William B. Ochiltree, should and did, well and
truly, on or before the first day of February next,
after the date of said writing, suffer, allow and per-
mit Peter Doty, as the agent of the said B. H.
Meakings and Company, to select from all the notes
and accounts, that might be due and payable to
the said William B. Ochiltree, on the first day of
January next, after the date of the said writing ob-
ligatory, an amount of notes and accounts, equal to
the sum of the two promissory notes, before men-
tioned, held by the said B. H. Meakings and Com-
pany, against the said William B. Ochiltree, to wit,
the amount of three thousand eight hundred and
twenty-four dollars and four cents, that the said
Peter Doty, might hold and collect, according to
law, and apply the same to the payment of the said
debt, due from the said William B. Ochiltree, to
the said B. H. Meakings and Company, then that
obligation should be void, otherwise to be and re-
main in full force and effect, as by the said writing
obligatory, and the condition thereof, would more
fully and at large appear. And although the said
Peter Doty, agent for the said B. H. Meakings and
Company, was at all times ready and willing, to
select before the first day of February next, after
the date of the said writing obligatory, from all the
notes and accounts, due to the said William B.
Ochiltree, an amount of notes and accounts, equal
to the sum of the two promissory notes, above
mentioned, and although the said agent did, on the
first day of February next after the date of the
said writing obligatory, at,—to wit, in the county

aforesaid, demand from the said William B. Ochiltree, all his notes and accounts, that were due and payable to him, on the first day of January next, after the date of the said writing obligatory, aforesaid, that the said Peter Doty, agent, &c. might select from all said notes and accounts, an amount equal to the amount of the two said promissory notes, and hold and collect them according to law, and apply the same to the payment of the said debt, according to the said condition, at,—to wit, in the county aforesaid, and although the said plaintiffs, had given further time to the said William B. Ochiltree, for the payment of the sum of money, in the said promissory notes above described, and had not brought suit upon the same, and had fully and in all respects complied with their agreement, for the forbearance of payment of said debt, due to them from the said William B. Ochiltree, at,—to wit, in the county aforesaid, yet the said William B. Ochiltree, did not and would not, on or before the first day of February next after the date of said writing obligatory, at——to wit, in the county aforesaid, suffer, allow and permit, Peter Doty, agent as aforesaid, to select from all the notes and accounts, that were due and payable to him, the said William B. Ochiltree, on the first day of January, next after the date of the said writing obligatory, an amount of notes and accounts, equal to the sum of the said promissory notes, in the said condition mentioned; but collected the said notes and accounts himself, at——to wit, in the county aforesaid. By means of which said premises, the said plaintiffs, in the said condition mentioned, to

wit, B. H. Meakings and Company, had sustained damages to a large amount, to-wit, in the amount of four thousand dollars.  By reason of which said breaches, the said writing obligatory became forfeited, and an action had accrued to the said plaintiffs, to demand and have, of and from the said defendants, the said sum above demanded.  Yet the said defendants, although often requested so to do, had not as yet paid, the said sum of money above demanded, or any part thereof, to the said plaintiffs, or otherwise, according to the said writing obligatory and condition ; but to pay the same had hitherto wholly refused, and still did refuse—to the damage of said plaintiffs, &c.—and therefore, they brought their suit, &c.

To this declaration there was a demurrer, and joinder in demurrer.

The Court below sustained the demurrer, and plaintiffs took their writ of error.

It was assigned for error in this Court,—

1. That the Court below erred in sustaining defendants demurrer to plaintiffs declaration, on the ground that the action would not lie upon the cause of action therein set forth.

2. That said Court erred in rendering judgment for defendant.

*Ellis & Phelan*, for plaintiffs in error.

COLLIER, J.—The plaintiffs in error brought debt against the defendants, in the Circuit Court of Sumter, upon a bond—in which they acknowlege themselves to be held and firmly bound unto the

plaintiffs, in the sum of four thousand dollars, with a condition thereunder written, in which it is recited, that the defendant, Ochiltree, was indebted to the plaintiffs on two promissory notes; the dates, amounts, and times of payment of each, are respectively given. It is further stated, that the plaintiffs had agreed to give further time, and not to sue the defendant, Ochiltree, on his notes. In consideration of which, Ochiltree had agreed, that he would on the first day of February, next succeeding the date of the bond, " suffer, allow and permit," Peter Doty, as the agent of the plaintiffs, to select from all the notes and accounts that might be due the defendant, Ochiltree, on the first day of January next preceding the day of selection, an amount equal to his notes to the plaintiffs.

The declaration charges the refusal of Ochiltree to permit the selection to be made from his notes and accounts, and contains all proper averments.

To this declaration the defendants demurred, and their demurrer was sustained by the Circuit Court; and the plaintiffs bring their case here for revision.

It is agreed by the parties, that the only question to be raised in this Court is, whether debt is maintainable upon the bond declared on.

At Common Law, the penalty of a bond, conditioned for the performance of covenants, was held to be the debt, and the usual mode of declaring, was upon the bond merely ; to which the defendant, if he relied upon a satisfaction, after craving oyer, and setting forth the bond and condition, pleaded performance; to this the plaintiff replied, a breach of one of the covenants; and upon issue joined, and

proof of such breach, the plaintiff recovered a judgment for the penalty, without regard to the damages he had sustained. To be relieved from such judgment, where the penalty exceeded the damages, the defendant was forced to resort to equity, for relief,—there, an issue of *quantum damnificatus*, was directed, and the amount for which the execution was allowed to be enforced, was graduated by the damages to which the plaintiff was justly entitled.

To enable Courts of law to administer justice definitively and prevent circuity of action, the statute of 8 and 9, Wm. 3, c. 11, s. 8, was enacted,— which requires the plaintiff to "assign as many breaches as he shall think fit," and the jury are required to assess, "not only such damages and costs as have been heretofore usually done in such cases, but also damages for such of the assigned breaches, as the plaintiff shall prove to have been broken; and like judgment shall be entered on such verdict as heretofore hath been usually done in such like actions." The form of the judgment, still is, that the plaintiff recover the amount of the penalty of the bond, dischargeable by the damages ascertained by the verdict.

But, notwithstanding the statute authorises Courts of law to afford to a defendant the relief, which equity alone could previously give, yet the penalty of the bond, is still considered to be the debt,—in fact, the form of the judgment, clearly indicates this, (1 Saunders R. 58, C, note e. and cases there cited.) And, as at common law, debt would lie upon a bond for the performance of cov-

5 P. 51.

enants, it is still a proper remedy. (2 *Selwyn's N. P.* 517. Phil. ed. of 1808. 12 Johns. R. 216. 13 Johns. R. 189. 3 Blackford's R. 499.)

The first section of our own statute of eighteen hundred and twenty-four, "regulating proceedings on penal bonds," is almost a literal transcript of the 8th section of the 8th and 9th Wm. 3, already quoted, and has been holden by us, to require the same proceeding and form of judgment. The decisions which have been made under the latter, must control the construction of our statute; and these have determined that bonds, such as the one under consideration, may still be sued on in an action of debt.

The judgment is reversed, and the cause remanded.

HOPKINS, C. J. not sitting.